UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| v. | : | Crim. No. 15-622 (SDW) |
| JUDY TULL and KAY ELLISON | : | COMPLEX CASE ORDER FOR CONTINUANCE |

This matter having come before the Court on application of Paul J. Fishman, United States Attorney for the District of New Jersey (by Andrew Kogan, Assistant U.S. Attorney, appearing), defendant Judy Tull (Clint Smith, Esq., appearing), and Kay Ellison (Jim Lees, Esq., appearing) for an order designating the above-captioned case as "complex" for the purposes of computing and excluding time pursuant to Title 18, United States Code, Section 3161(h)(7)(A), (h)(7)(B)(ii), and (h)(7)(B)(iv); the defendants, through counsel, having requested and consented to the entry of this Order, and the defendants being aware that absent such an Order they would have the right to brought to trial within 70 days of their appearance before a Judicial Officer in this District in connection with this matter or the filing of an Indictment, whichever date last occurred, pursuant to Title 18, United States Code, Section 3161(c)(1); and the charges being the result of a lengthy investigation and the defendants needing additional time to review discovery, which includes, among other things, hundreds of thousands of documents in addition to a significant amount of flight reservation information, and to investigate the charges and file motions in this case, motions which may require hearings, and to effectively prepare for the filing

of motions and trial; and the parties having concurred on the record that this matter is complex as defined in the Speedy Trial Act of 1974, and the Court having found that an Order granting a continuance of the proceedings in the above-captioned matter should be entered in the interests of justice, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case involves the allegation of wire fraud, bank fraud, conspiracy to commit wire fraud, and conspiracy to commit bank fraud, which charges are more fully set forth in an Indictment, Criminal No. 15-622 (SDW).

2. The Indictment is the result of a long term investigation.

3. Discovery in this matter is voluminous, including hundreds of thousands of documents in addition to a significant amount of flight reservation information.

4. The defendants require additional time to review discovery, to investigate the charges, and to develop possible defenses to the charges. It is further anticipated that once counsel has had an opportunity to review the evidence, the defendants may file pre-trial motions.

5. Based upon representations made by the parties, including representations made concerning voluminous discovery that must be reviewed and the complexity of issues in this matter, it is unreasonable to expect defense counsel to be able to adequately prepare for pretrial proceedings and the trial itself pursuant to the Court's standard Order for Discovery and Inspection.

6. In light of these finding, and given the nature of the prosecution, and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act of 1974.

7. The grant of a continuance will enable counsel for the defendants to adequately review the discovery, prepare motions, and proceed with trial.

8. The Court finds that the defendants have entered into a knowing, voluntary, and intelligent waiver of her rights under the Speedy Trial Act of 1974.

9. Pursuant to Title 18, United States Code, Section 3161(h)(7), the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

WHEREFORE, it is on this 11th day of January 2016

ORDERED that this matter is hereby designated to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(A), (h)(7)(B)(ii) and (h)(7)(B)(iv); and it is further

ORDERED that trial in this matter shall commence on September 13, 2016 at 9:30 a.m.; and it is further

ORDERED that the period between the date of this Order and September 13, 2016, shall be excluded in computing time under the Speedy Trial Act of 1974 pursuant to the provisions of Title 18, United States Code, Section 3161(h)(7)(A); and it is further

~~ORDERED that the Court will hold a status conferences on March 31, 2016, at 11:00 a.m., at which time the Court shall, among other things, set a schedule for motion practice;~~ and it is further **\*

ORDERED that all other provisions of the Court's Order for Discovery and Inspection not superseded by this Order shall remain in full force and effect.

_____
HON. SUSAN D. WIGENTON
United States District Judge

**\* To be determined.