UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HON. SUSAN D. WIGENTON |
| | : | |
| v. | : | |
| | : | |
| JUDY TULL and | : | |
| KAY ELLISON | : | Criminal No. 15-622 (SDW) |

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO AMEND AND/OR ALTER THE ORDER FOR DISCOVERY AND INSPECTION**

The United States respectfully submits this response in opposition to the defendants' motion to amend and/or alter the Court's Order for Discovery and Inspection (the "Order").[1] In their motion, the defendants ask the Court to amend the Order to relieve them from the obligation of providing reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) and (b)(1)(B) unless they request discovery from the United States pursuant to Rule 16(a)(1)(E) and (a)(1)(F), arguing that the Order exceeds the Court's authority and violates their Fifth Amendment right against self-incrimination. To the contrary, the Order is both well within this Court's inherent powers and constitutional. The Court should thus deny the defendants' motion.

---

[1] Defendant Kay Ellison filed the instant motion on February 4, 2016, and defendant Judy Tull moved to join the motion on February 11.

1

**BACKGROUND**

On December 10, 2015, a grand jury returned a fifteen-count Indictment against defendants Kay Ellison and Judy Tull, two founders and executives of a now-bankrupt charter airline company that operated under the name Direct Air. ECF Docket Entry ("D.E.") 1. The Indictment alleges that Ellison, Tull, and others (a) withdrew tens of millions of dollars via false pretenses from an escrow account designed to hold the monies of future passengers; (b) compounded their crimes by lying to creditors about the missing money; and (c) provided creditors with false financial statements that concealed the missing money and misstated Direct Air's financial health.

Ellison and Tull were arraigned on January 5, 2016. D.E. 4. On that day, the Court entered the Order, which followed the standard practice in this District. D.E. 5. That Order, designed to "eliminate delays in the presentation of evidence, and to expedite the trial," set forth various deadlines for both parties, such as the requirement that the government produce discovery materials identified under Rule 16 within ten days of the Order being entered. D.E. 5. The Order also provided that "[a] defendant who receives discovery pursuant to this Order shall be deemed to have requested such disclosure for purposes of triggering defendant's reciprocal discovery obligations" under Rule 16(b). D.E. 5. In their motion, the defendants represent that they will not seek discovery from the United States pursuant to Rule 16, and they ask this Court to amend the above language to relieve them from having to provide reciprocal discovery pursuant to Rule 16(b)(1)(A) and (b)(1)(B).

2

**ARGUMENT**

The defendants argue, without reference to case law, that the Court was without power to order reciprocal discovery in the absence of a discovery request to the government, because Rule 16 does not confer such power. The defendants also argue that the Order violates their Fifth Amendment right against self-incrimination. Their arguments are without merit and should be rejected.

First, this Court has inherent authority to supplement the baseline disclosure obligations of Rule 16. See, e.g., United States v. Beckford, 962 F. Supp. 748, 754–55 (E.D. Va. 1997) (stating that "numerous courts . . . have recognized that the discovery provisions in Rules 12.2 and 16(b) are not exclusive and do not supplant a district court's inherent authority to order discovery outside the rules," and citing cases). Indeed, the Advisory Committee's Note to Rule 16's 1974 amendments emphasizes that the Rule "is not intended to limit the judge's discretion to order broader discovery in appropriate cases." Fed. R. Crim. P. 16, advisory committee's note to 1974 amendments; see also United States v. Armstrong, 517 U.S. 456, 474 (1996) (Breyer, J., concurring) (noting that "courts can supplement Rule 16 discovery with discovery based upon other legal principles"); United States v. Gallo, 654 F. Supp. 463, 471 (E.D.N.Y. 1987) ("Even if Rule 16 is read in a more restrictive manner[,] a district court has the inherent power to order discovery more far-reaching than that mandated by Rule 16."). And this power exists irrespective of whether a defendant makes requests under Rule 16:

> [A defendant's] decision to follow a closefisted strategy does not put an end to the matter of disclosure.  Regardless of whether Rule 16 is inapplicable . . . because defendants never triggered it, it is well-settled that district courts have inherent power to make and enforce reasonable rules of procedure, including disclosure rules.

United States v. Catalan Roman, 376 F. Supp. 2d 108, 114–15 (D.P.R. 2005); see also United States v. Rajaratnam, 2011 U.S. Dist. LEXIS 21062, at *8-9 (S.D.N.Y. Mar. 3, 2011) (ordering disclosures under Rule 16(b) despite defendant's claims not to have triggered the obligations, noting that "reciprocity is not a talisman").  For these reasons, the Court should reject the defendants' argument that Rule 16 restricts the Court's authority to order further discovery.

Second, the Order does not implicate the defendants' Fifth Amendment right against self-incrimination.  The Order simply requires the defendants to provide in advance of trial those materials they would otherwise employ in their defense during the trial itself.  See Fed. R. Crim. P. 16(b)(1)(A)-(B) (defendant only required to produce an item if "the defendant intends to use the item in the defendant's case-in-chief at trial").  Consequently, "[a]t most, the [Order] only compel[s the defendants] to accelerate the timing of [their] disclosure, forcing [them] to divulge at an earlier date information that the [defendants] from the beginning planned to divulge at trial." Florida v. Williams, 399 U.S. 78, 85 (1970).  The Supreme Court long ago rejected an analogous Fifth Amendment challenge of a state discovery rule requiring advance notice of an alibi defense, id. at 82-85, and courts have since almost uniformly rejected constitutional arguments like those of the defendants, see United States v.

Bump, 605 F.2d 548, 552 (10th Cir. 1979) (holding that the reciprocal discovery provisions of Rule 16 are "not invalid as an unlawful interference with defendant's constitutional rights against self-incrimination," in part because "the forced disclosure applies only to evidence defendant intends to produce at trial"); Rajaratnam, 2011 U.S. Dist. LEXIS 21062, at *11 ("requiring a defendant to make disclosures even where the government has made none does not violate the Fifth Amendment"); cf. United States v. Nobles, 422 U.S. 225 (1975) (reversing Ninth Circuit holding that trial court committed reversible error by precluding a defense witness' testimony when that defendant refused to produce the witness' written statement to the government).  The defendants' Fifth Amendment argument therefore fails.

## **CONCLUSION**

For these reasons, the Court should deny the defendants' motion to amend and/or alter the Court's Order for Discovery and Inspection.

        Respectfully submitted,

        PAUL J. FISHMAN
        United States Attorney
        District of New Jersey

        ANDREW WEISSMANN
        Chief, Fraud Section
        U.S. Department of Justice
        Criminal Division

By:   /s/ *L. Rush Atkinson*
       L. Rush Atkinson
       Trial Attorney
       Fraud Section, Criminal Division
       U.S. Department of Justice
       1400 New York Avenue, N.W.
       Washington, DC 20530
       Telephone: (202) 305-7413
       Fax:  (202) 514-7021
       Lawrence.Atkinson2@usdoj.gov

       Andrew D. Kogan
       Scott B. McBride
       Assistant U.S. Attorneys
       District of New Jersey
       970 Broad Street, Room 702
       Newark, NJ 07102
       Telephone:  (973) 645-2754
       Email: andrew.kogan@usdoj.gov

Dated:  February 18, 2016

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 18, 2016, a copy of the foregoing response was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        /s/ *L. Rush Atkinson*
                                        L. Rush Atkinson
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Fraud Section, Criminal Division